1  Paul Caleo, CASB# 153925
   Katrina Acosta Romero, CASB# 289461
2  BURNHAM BROWN
   A Professional Law Corporation
3  P.O. Box 119
   Oakland, California 94604
4
   1901 Harrison Street, 14th Floor
5  Oakland, California 94612
   Telephone:    (510) 444-6800
6  Facsimile:     (510) 835-6666
   Email:         pcaleo@burnhambrown.com
7                 kromero@burnhambrown.com

8  Attorneys for Defendant
   STARBUCKS CORPORATION
9

10

11

12            UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14  NEERU PAHARIA,                          No.

15              Plaintiff,                  [Alameda County Superior Court
                                            Case No. RG16820549;]
16  v.
                                            DEFENDANT STARBUCKS
17  STARBUCKS CORPORATION and               CORPORATION'S NOTICE OF
    DOES 1 to 25, inclusive,                REMOVAL OF ACTION UNDER
18                                          28 U.S.C. SECTION 1441(b)
              Defendants.                   (DIVERSITY)
19

20  _____     Complaint Filed:  June 22, 2016

21       TO THE CLERK OF THE ABOVE-ENTITLED CLERK:

22       PLEASE TAKE NOTICE that Defendant STARBUCKS CORPORATION

23  ("STARBUCKS"), by and through its attorneys of record, hereby removes the

24  above-captioned action from the Superior Court of the State and California, in and

25  for the County of Alameda, to the United States District Court for the Northern

26  District of California, for the reasons described below:

27       1.    On or about June 22, 2016, Plaintiff NEERU PAHARIA ("Plaintiff")

28  filed an action in the Superior court of California, County of Alameda, entitled

*Neeru Paharia v. Starbucks Corporation,* Case Number RG16820549. A true and correct copy of the Summons and Complaint from the state court action is attached hereto as Exhibit 1.

2.      Plaintiff's Complaint alleges causes of action for General Negligence, Products Liability and Premises Liability against Defendant Starbucks Corporation. Plaintiff alleges in the Complaint that on or about August 18, 2014, while at the Starbucks located at 5034 Mowry Avenue, Fremont, California, Plaintiff was hit on the head by an umbrella and became severely injured.

3.      Starbucks is the only named Defendant in Plaintiff's Complaint.

4.      Plaintiff's Complaint alleges that Defendant Starbucks is a corporation. (Plaintiff's Complaint at page 2.) Defendant was at the time of the filing of the above-entitled action, and still is, a Washington corporation, having its principal place of business in Seattle, Washington. [Declaration of Katrina A. Romero ("Romero Decl.") at ¶ 2, attaching as Exhibit A a document from the California Secretary of State relating to Starbucks Corporation's corporate status.]

5.      Defendant received Plaintiff's Statement of Damages at the same time that it was served with Plaintiff's Complaint, on July 14, 2016. The statement alleges damages in the amount of $2,575,000. (Romero Decl. at ¶ 3, attaching as Exhibit B Plaintiff's Statement of Damages.)

6.      Therefore, the matter is removable pursuant to 28 U.S.C. sections 1332 and 1446(b).

## JURISDICTION

7.      This is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332, and is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. section 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

///

DEFENDANT STARBUCKS CORPORATION'S NOTICE OF REMOVAL OF ACTION                                      No.

1    8.    Defendants are informed and believe that at the time this action was

2    commenced, and at all times subsequent thereto, the parties have been citizens of

3    different states. Defendant Starbucks is a citizen of Washington. Upon Defendant's

4    information and belief, Plaintiff is a citizen of Washington, D.C. (Romero Decl. at

5    ¶ 4.)

6    9.    Both at the time that this action was commenced and at the present

7    time, Starbucks is incorporated in Washington and has its principal place of

8    business in Washington. "For purposes of removal . . . the citizenship of

9    Defendants sued under fictitious names shall be disregarded." 28 U.S.C. §

10   1441(a). In accordance with, and pursuant to *Indus. Tectonics, Inc. v. Aero Alloy*,

11   912 F.2d 1090, 1094 (9th Cir. 1990), if one state does not contain a substantial

12   predominance of corporate operations, courts are to apply the "nerve center" test to

13   determine a corporation's principal place of business. (*Tosco Corp. v.*

14   *Communities for a Better Environment*, 236 F.3d 495, 500 (9th Cir. 2001).)  The

15   corporation's principal place of business is then determined by identifying the state

16   "where the majority of the corporation's executives and administrative functions

17   are performed."  (*Id.*)  This test is particularly appropriate where a corporation's

18   activities are widespread and its operations are conducted in many states.  (*Indus.*

19   *Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1094; *see also Lurie Co. v. Loew's*

20   *San Francisco Hotel Corp.*, 315 F. Supp. 405, 412 (N.D. Cal. 1970).)  Here,

21   Starbucks employees, sales, production activities, tangible properties, income,

22   purchases, etc. are spread across multiple states and multiple countries and no one

23   state substantially predominates. Starbucks corporate offices are located in Seattle,

24   Washington, where approximately four thousand (4,000) of its corporate

25   employees work. This is the largest single group of employees in one location. The

26   majority of Starbucks executive and administrative functions occur in Washington,

27   and Starbucks Corporation's CEO, CFO, General Counsel, and other senior

28   ///

DEFENDANT STARBUCKS CORPORATION'S NOTICE OF REMOVAL OF          No.
ACTION

1  management, as well as Starbucks finance, accounting, purchasing, treasury,

2  marketing, training, human resources, information systems, internal audit, and

3  legal departments.

4       10.    Plaintiff's Complaint alleges damages in an unspecified amount

5  exceeding $25,000. (Plaintiff's Complaint at p. 1.)

6       11.    The first date upon which Defendants learned of the amount of

7  controversy in this matter was on July 14, 2016, when it received Plaintiff's

8  Statement of Damages in the amount of $2,575,000. (Romero Decl. at ¶ 5; Exhibit

9  B.)

10       12.    This Notice of Removal is timely filed under 28 U.S.C. section

11  1446(b)(3) because it is filed within thirty (30) days after Defendant received

12  correspondence from which it first ascertained that the case became removable.

13       13.    Defendant's Notice to Adverse Parties of Notice of Removal is being

14  contemporaneously filed in Case No. RG16820549 of the Superior Court of

15  California, County of Alameda.

16       14.    Pursuant to the provisions of U.S.C. section 1446, Defendant attaches

17  herewith and incorporates herein by reference, copies of the following documents

18  from the Alameda County Superior Court file and/or documents served by and

19  upon the Defendant in this action:

20            a.  Summons and Complaint (Exhibit 1).

21            b.  Defendant's Answer to Plaintiff's Complaint (Exhibit 2).

22            c.  Notice to Adverse Parties of Notice of Removal (Exhibit 3.)

23                    **DEMAND FOR JURY TRIAL**

24       Defendant Starbucks demands a jury trial of twelve jurors pursuant to

25  F.R.C.P. Rule 48.

26       WHEREFORE, Defendant prays that the above-entitled action, currently

27  pending in the SuperiorCourt of the State of California, in and for the County of

28  Alameda, be removed therefrom to the United States District Court for the

---

4

DEFENDANT STARBUCKS CORPORATION'S NOTICE OF REMOVAL OF          No.
ACTION

1  Northern District of California, and that this action proceed in this Court as an

2  action properly removed thereto pursuant to 28 U.S.C. section 1441, et seq.

3

4  DATED:  August 12, 2016                    BURNHAM BROWN

5

6

7                                              PAUL CALEO
                                                KATRINA ACOSTA ROMERO
8                                              Attorneys for Defendant
                                                STARBUCKS CORPORATION
9

10

11

12

13  4847-8817-8486, v. 1

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT STARBUCKS CORPORATION'S NOTICE OF REMOVAL OF          No.
ACTION

# EXHIBIT 1



**CSC**

CORPORATION SERVICE COMPANY®

# Notice of Service of Process

null / ALL
Transmittal Number: 15389432
Date Processed: 07/15/2016

| | |
|---|---|
| **Primary Contact:** | Regina Boyd<br>Starbucks Corporation Legal Department<br>2401 Utah Ave. S., Suite 800<br>Seattle, WA 98134 |

| | |
|---|---|
| **Entity:** | Starbucks Corporation<br>Entity ID Number  0178010 |
| **Entity Served:** | Starbucks Corporation |
| **Title of Action:** | Neeru Paharia vs. Starbucks Corporation |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Alameda County Superior Court, California |
| **Case/Reference No:** | RG16820549 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 07/14/2016 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Claude A. Wyle<br>415-474-7800 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Starbucks Corporation and DOES 1-25, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Neeru Paharia

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ENDORSED**
**FILED**
**ALAMEDA COUNTY**

JUN 2 2 2016

CLERK OF THE SUPERIOR COURT
By _____
JAIME THOMAS, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

CASE NUMBER: *(Número del Caso):* **RG16820549**

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Alameda
1225 Fallon Street
Oakland, CA  94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Claude A. Wyle
275 Battery Street, Suite 1300
San Francisco, CA 94111

Choulos, Choulos & Wyle, LLP
(415) 474-7800

DATE: **JUN 2 2 2016**    Chad Finke    Clerk, by _____ , Deputy
*(Fecha)*                        *(Secretario)*                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Starbucks Corporation
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CAW-Paharia, Neeru

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Claude A. Wyle 106773<br>Choulos, Choulos & Wyle, LLP<br>275 Battery Street, Suite 1300<br>San Francisco, CA 94111<br>TELEPHONE NO.: (415) 474-7800    FAX NO.(Optional): (415) 474-0734<br>E-MAIL ADDRESS (Optional):   cwyle@ccwlawyers.com<br>ATTORNEY FOR (Name):   Plaintiff | **ENDORSED<br>FILED<br>ALAMEDA COUNTY**<br><br>JUN 2 2 2016<br><br>CLERK OF THE SUPERIOR COURT<br>By _____<br>     JANE THOMAS, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA  94612
BRANCH NAME:

PLAINTIFF: Neeru Paharia

DEFENDANT: Starbucks Corporation and

[X] DOES 1 TO 25 *INCLUSIVE*

COMPLAINT-Personal Injury, Property Damage, Wrongful Death:
☐ AMENDED *(Number):*
Type: *(check all that apply):*
☐ MOTOR VEHICLE  [X] OTHER *(specify):*   PREMISES LIABILITY
☐ Property Damage   ☐ Wrongful Death
[X] Personal Injury   ☐ Other Damages *(specify):*

Jurisdiction *(check all that apply):*
☐ ACTION IS A LIMITED CIVIL CASE
   Amount demanded  ☐ does not exceed $10,000
                     ☐ exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint
   ☐ from limited to unlimited
   ☐ from unlimited to limited

CASE NUMBER:

RG16820549

1.  Plaintiff *(name or names):* Neeru Paharia

    alleges causes of action against defendant *(name or names):* Starbucks Corporation

2.  This pleading, including attachments and exhibits, consists of the following number of pages:
3.  Each plaintiff named above is a competent adult
    a. ☐ except plaintiff *(name):*
        (1) ☐ a corporation qualified to do business in California
        (2) ☐ an unincorporated entity *(describe):*
        (3) ☐ a public entity *(describe):*
        (4) ☐ a minor   ☐ an adult
            (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
            (b) ☐ other *(specify):*
        (5) ☐ other *(specify):*

    b. ☐ except plaintiff *(name):*
        (1) ☐ a corporation qualified to do business in California
        (2) ☐ an unincorporated entity *(describe):*
        (3) ☐ a public entity *(describe):*
        (4) ☐ a minor   ☐ an adult
            (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
            (b) ☐ other *(specify):*
        (5) ☐ other *(specify):*

☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT-Personal Injury, Property
Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

CAW-Paharia, Neeru

**BY FAX**

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Paharia v Starbucks | |

4. ☐ Plaintiff (name):
   is doing business under the fictitious name (specify):

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ except defendant (name):
      STARBUCKS CORPORATION
      (1) ☐ a business organization, form unknown
      (2) ☒ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   c. ☐ except defendant (name):

      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   b. ☐ except defendant (name):

      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   d. ☐ except defendant (name):

      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants (specify Doe numbers): 1-25 _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants (specify Doe numbers): 1-25 _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
   a. ☒ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other (specify):

9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because (specify):

Martin Dean's ESSENTIAL FORMS™

**COMPLAINT-Personal Injury, Property Damage, Wrongful Death**

CAW-Paharia, Neeru

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Paharia v Starbucks | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   a. ☐ Motor Vehicle
   b. ☒ General Negligence
   c. ☐ Intentional Tort
   d. ☒ Products Liability
   e. ☒ Premises Liability
   f. ☐ Other *(specify)*:

11. Plaintiff has suffered
   a. ☒ wage loss
   b. ☐ loss of use of property
   c. ☒ hospital and medical expenses
   d. ☒ general damage
   e. ☐ property damage
   f. ☒ loss of earning capacity
   g. ☒ other damage *(specify)*:
      Loss of household services.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages
      (2) ☐ punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
      (1) ☒ according to proof
      (2) ☐ in the amount of: $

15. ☒ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:
      5, 6, 8, GN-1, Prem.L-1, Prem.L-2, Prem.L-3 and Prem.L-5

Date: June 20, 2016

Claude A. Wyle
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

ESSENTIAL FORMS™

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

CAW-Paharia, Neeru

Page 3 of 3

PLD-PI-001(2)

| SHORT TITLE:<br>Paharia v Starbucks | CASE NUMBER: |
|---|---|

<u>ONE</u>         **CAUSE OF ACTION- General Negligence**    Page 4
    (number)
ATTACHMENT TO ☒ Complaint  ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*: Neeru Paharia

alleges that defendant *(name)*: Starbucks Corporation and

☒ Does  1  to 25

was the legal (proximate) cause of damages to plaintiff.  By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff
on *(date)*:  August 18, 2014
at *(place)*:  5034 Mowry Avenue, Fremont, CA

*(description of reasons for liability)* :
On or about the above date, defendant's, and each of their conduct fell below
the standard of care of a reasonable person in that they negligently owned,
operated, managed, supervised, entrusted, repaired, maintained, designed,
constructed, inspected and/or controlled the premises commonly known as 5034
Mowry Avenue, Fremont, California, and the exterior umbrellas and umbrella
stands and other appurtenances thereto so that a dangerous and defective
condition was created thereby on the premises. As a direct and legal result of
that dangerous and defective condition, plaintiff was caused to be hit in the
head by an umbrella and to become severely injured thereby.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION- General Negligence**

Code of Civil Procedure 425.12
www.courtinfo.ca.gov

Martin Dean's
ESSENTIAL FORMS™

CAW-Paharia, Neeru

PLD-PI-001(4)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Paharia v Starbucks | |

___SECOND___    **CAUSE OF ACTION - Premises Liability**    Page __5__
(number)

ATTACHMENT TO [X] Complaint    [ ] Cross-Complaint
*(Use a separate cause of action form for each cause of action.)*

Prem.L-1. Plaintiff *(name)*: Neeru Paharia
alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
On *(date)*: August 18, 2014    plaintiff was injured on the following premises in the following
fashion *(description of premises and circumstances of injury)*:
At the premises known as 5034 Mowry Avenue, Fremont, CA, plaintiff, due to a
dangerous and defective condition on the premises, was caused to be hit in
the head by an unsecured exterior umbrella and as a result sustained serious
injuries thereby.

Prem.L-2.    [X] Count One-Negligence The defendants who negligently owned, maintained, managed and operated
the described premises were *(names)*:
Starbucks Corporation and

[X] Does __1__ to __25__

Prem.L-3.    [X] Count Two-Willful Failure to Warn [Civil Code section 846] The defendant owners who willfully or
maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were
*(names)*: Starbucks Corporation and

[X] Does __1__ to 25
Plaintiff, a recreational user, was [ ] an invited guest [X] a paying guest.

Prem.L-4.    [ ] Count Three-Dangerous Condition of Public Property The defendants who owned public property on
which a dangerous condition existed were *(names)*:

[ ] Does ___ to ___
a. [ ] The defendant public entity had [ ] actual [ ] constructive notice of the existence of the
dangerous condition in sufficient time prior to the injury to have corrected it.
b. [ ] The condition was created by employees of the defendant public entity.

Prem.L-5. a. [X] Allegations about Other Defendants The defendants who were the agents and employees of the other
defendants and acted within the scope of the agency were *(names)*:

[X] Does 1 to 25
b. [ ] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
[ ] described in attachment Prem.L-5.b [ ] as follows *(names)*:

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(4) [Rev. January 1, 2007]    Matha Dean's ESSENTIAL FORMS™    **CAUSE OF ACTION - Premises Liability**    Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

CAW-Paharia, Neeru

PLD-PI-001(5)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Paharia v Starbucks | |

__THIRD__           CAUSE OF ACTION- Products Liability          Page 5_____
   (number)

ATTACHMENT TO [x] Complaint   ☐ Cross-Complaint
*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name):* Neeru Paharia

Prod. L-1. On or about *(date):* August 18, 2014          plaintiff was injured by the following product:
          exterior umbrella, umbrella stand and other appurtenances.

Prod. L-2. Each of the defendants knew the product would be purchased and used without inspection for defects. The
          product was defective when it left the control of each defendant. The product at the time of injury was
          being
          [x] used in the manner intended by the defendants.
          [x] used in a manner that was reasonably foreseeable by defendants as involving a substantial danger not
              readily apparent. Adequate warnings of the danger were not given.
Prod. L-3. Plaintiff was a
          ☐ purchaser of the product.                    ☐ user of the product.
          [x] bystander to the use of the product.        ☐ other *(specify):*

PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:
Prod. L-4. [x]  Count One-Strict liability of the following defendants who:
          a. [x]  manufactured or assembled the product   *(names):*

                  [x] Does    1____ to 25____
          b. [x] designed and manufactured component parts supplied to the manufacturer.   *(names):*

                  [x] Does    1____ to 25____
          c. [x] sold the product to the public *(names):*

                  [x] Does    1____ to 25____
Prod. L-5. [x]  Count Two-Negligence of the following defendants who owed a duty to plaintiff *(names):*

                  [x] Does    1____ to 25____
Prod. L-6. [x]  Count Three-Breach of warranty by the following defendants  *(names):*

                  [x] Does    1____ to 25____
          a. [x] who breached an implied warranty
          b. ☐ who breached an express warranty which was
              ☐ written  ☐ oral.
Prod. L-7. ☐  The  defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
              ☐ listed in Attachment-Prod. L-7   as follows:

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(5) [Rev. January 1, 2007]          CAUSE OF ACTION - Products Liability          Code of Civil Procedure, § 425.12
                                                                                *www.courtinfo.ca.gov*

Martin Dean's
ESSENTIAL FORMS™                                              CAW-Paharia, Neeru

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Claude A. Wyle 106773<br>Choulos, Choulos & Wyle, LLP<br>275 Battery Street, Suite 1300<br>San Francisco, CA 94111<br>TELEPHONE NO: (415) 474-7800   FAX NO: (415) 474-0734<br>ATTORNEY FOR (Name): Plaintiff | ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>JUN 22 2016<br><br>CLERK OF THE SUPERIOR COURT<br>CORINNA CARDEN<br>By_____ Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME:

CASE NAME: Paharia v Starbucks

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | RG16820549 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [X] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): 2 - General Negligence and Premise Liability
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 20, 2016

Claude A. Wyle
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | Martin Dean's<br>ESSENTIAL FORMS™ | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CAW-Paharia, Neer

BY FAX

# EXHIBIT 2

1 | Paul Caleo, State Bar No. 153925
2 | Katrina Acosta Romero, State Bar No. 289461
BURNHAM BROWN
3 | A Professional Law Corporation
P.O. Box 119
4 | Oakland, California 94604
---
5 | 1901 Harrison Street, 14th Floor
Oakland, California  94612
6 | Telephone:    (510) 444-6800
Facsimile:     (510) 835-6666
7 | Email: pcaleo@burnhambrown.com
         kromero@burnhambrown.com

ENDORSED
FILED
ALAMEDA COUNTY

AUG 1 0 2016

CLERK OF THE SUPERIOR COURT
By _Sue Yesko_
                          Deputy

8 | Attorneys for Defendant
STARBUCKS CORPORATION

9 |

10 |                 SUPERIOR COURT OF CALIFORNIA, COUNTY OF

11 |                          UNLIMITED JURISDICTION

12 | NEERU PAHARIA,                          No. RG16820549

13 |          Plaintiff,               *Assigned for All Purposes to:*
                                       *Hon. Julia Spain - Dept. 19*
14 | v.

15 | STARBUCKS CORPORATION and DOES     **DEFENDANT STARBUCKS
1 to 25, inclusive,                    CORPORATION'S ANSWER TO
16 |                                    PLAINTIFF'S COMPLAINT**

          Defendants.               **Complaint Filed:  June 22, 2016**
17 |

18 |       Defendant STARBUCKS CORPORATION ("Defendant"), answering the complaint of

19 | Plaintiff NEERU PAHARIA ("Plaintiff"), denies generally and specifically, each and every, all

20 | and singular, the allegations of said complaint, and each cause of action thereof, and further

21 | denies that Plaintiff has been damaged in any sum or sums or at all.

22 |       WHEREFORE, this answering Defendant prays for judgment as hereinafter set forth.

23 |                          **AFFIRMATIVE DEFENSES**

24 |       As a first affirmative defense to each cause of action of the complaint, Plaintiff was

25 | partially, if not wholly, negligent or otherwise at fault on her own part and should be barred from

26 | recovery of that portion of the damages directly attributable to her proportionate share of the

27 | negligence or fault, pursuant to the doctrine of comparative negligence.

28 | ///

---

                                          1

1    As a second affirmative defense to each cause of action of the complaint, the damages

2    sustained by Plaintiff, if any, were caused, in whole or in part, by the negligence or fault of

3    others for which this Defendant is not liable or responsible.

4    As a third affirmative defense to each cause of action of the complaint, the complaint

5    does not state facts sufficient to constitute a cause of action against this Defendant.

6    As a fourth affirmative defense to each cause of action of the complaint, Plaintiff failed

7    to mitigate her damages.

8    As a fifth affirmative defense to each cause of action of the complaint, Plaintiff's

9    recoverable economic damages for past medical treatment and/or services, if any, is limited to

10   the amount that was paid for the treatment and/or services, rather than what was billed by the

11   medical providers.

12   As a sixth affirmative defense to each cause of action of the complaint, Defendant

13   presently has insufficient knowledge or information on which to form a belief as to whether it

14   may have additional, as yet unstated, defenses available.  Defendant reserves herein the right to

15   assert additional defenses in the event discovery indicates that they would be appropriate.

16   As a seventh affirmative defense to each cause of action of the complaint, Plaintiff has

17   waived and/or is estopped from alleging the matters set forth in said complaint.

18   As an eighth affirmative defense to each cause of action of the complaint, if Plaintiff

19   sustained injuries attributable to the use of any product manufactured by this Defendant, which

20   allegations are expressly denied, the injuries were caused in whole or in part by the

21   unreasonable, unforeseeable and inappropriate purpose and/or improper use which was made of

22   the product.

23   As a ninth affirmative defense to each cause of action of the complaint, the damages

24   complained of in the complaint were caused in whole or in part by the misuse and abuse of the

25   product.

26   As a tenth affirmative defense to each cause of action of the complaint, the injuries and

27   damages sustained by Plaintiff, if any, were solely and legally caused by the modification,

28   alteration or change of the product referred to in the complaint and said modification, alteration

DEFENDANT STARBUCKS CORPORATION'S ANSWER TO PLAINTIFF'S          No. RG16820549
COMPLAINT

1 | or change was performed by persons or entities other than this answering Defendant and without

2 | Defendant STARBUCKS CORPORATION'S knowledge or consent.

3 |      WHEREFORE, this answering Defendant prays for judgment as follows:

4 |     1.     That Plaintiff take nothing by reason of her complaint on file herein;

5 |     2.     For reasonable attorney fees;

6 |     3.     For costs of suit incurred herein; and

7 |     4.     For such other and further relief as the Court deems just and proper.

8 | DATED: August 9, 2016                BURNHAM/BROWN

10 | _____

11 | PAUL CALEO
    Attorneys for Defendant

12 | STARBUCKS CORPORATION

16 | 4848-7959-5830, v. 1

---

3

DEFENDANT STARBUCKS CORPORATION'S ANSWER TO PLAINTIFF'S     No. RG16820549
COMPLAINT

Re:        Neeru Paharia v. Starbucks Corporation, et al.
Court:     Alameda County Superior Court
Action No:  RG16820549

### PROOF OF SERVICE

I declare that I am over the age of 18, not a party to the above-entitled action, and am an employee of Burnham Brown whose business address is 1901 Harrison Street, 14ᵗʰ Floor, Oakland, Alameda County, California 94612 (mailing address: Post Office Box 119, Oakland, California 94604).

On August 10, 2016, I served the following document(s) in the following manner(s):

- DEFENDANT STARBUCKS CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

☒     **MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon on the date and place shown below following ordinary business practice. I am familiar with this business' practice for collecting and processing documents for mailing. On the same day that documents are placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.


Claude A. Wyle                              Counsel for Plaintiff
CHOULOS, CHOULOS & WYLE, LLP                NEERU PAHARIA
275 Battery STREET Suite 1300
San Francisco, CA 94111
Telephone: (415) 474-7800
Facsimile: (415) 474-0734
E-mail: cwyle@ccwlawyers.com


I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

DATE:     August 10, 2016

                              KELLIE CABICO


4830-5098-3478, v. 1

---

# EXHIBIT 3

1   Paul Caleo, State Bar No. 153925
    Katrina Acosta Romero, State Bar No. 289461
2   BURNHAM BROWN
    A Professional Law Corporation
3   P.O. Box 119
    Oakland, California 94604
4
    1901 Harrison Street, 14th Floor
5   Oakland, California 94612
    Telephone:    (510) 444-6800
6   Facsimile:    (510) 835-6666
    Email: pcaleo@burnhambrown.com
7          kromero@burnhambrown.com

8   Attorneys for Defendant
    STARBUCKS CORPORATION
9

10              SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

11                          UNLIMITED JURISDICTION

12   NEERU PAHARIA,                          No. RG16820549

13              Plaintiff,                   *Assigned For All Purposes To:*
     v.                                      *Judge Julia Spain, Dept. 19*
14
     STARBUCKS CORPORATION and DOES          **DEFENDANT STARBUCKS
15   1 TO 25 INCLUSIVE,                       CORPORATION'S NOTICE TO
                                              ADVERSE PARTY OF NOTICE OF
16              Defendants.                    REMOVAL**

17                                           **Complaint Filed:  June 22, 2016**

18   TO ALL PARTIES HEREIN AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

19        PLEASE TAKE NOTICE that a Notice of Removal of the above-entitled action from the

20   Alameda County Superior Court to the United States District Court for the Northern District of

21   California (Oakland Division) was duly filed and served on August 12, 2016 in the United States

22   District Court for the Northern District of California (Oakland Division).  A true and correct

23   copy of said Notice of Removal is attached hereto as Exhibit 1.

24   DATED: August 12, 2016              BURNHAM BROWN

25

26                                       KATRINA ACOSTA ROMERO
                                         Attorneys for Defendant
27                                       STARBUCKS CORPORATION

28   4830-1123-5382, v. 1

                                             1
     DEFENDANT STARBUCKS CORPORATION'S NOTICE TO ADVERSE PARTY    No. RG 16820549
     OF NOTICE OF REMOVAL

# EXHIBIT 1

1  Paul Caleo, CASB# 153925
   Katrina Acosta Romero, CASB# 289461
2  BURNHAM BROWN
   A Professional Law Corporation
3  P.O. Box 119
   Oakland, California 94604
4
   1901 Harrison Street, 14th Floor
5  Oakland, California 94612
   Telephone:    (510) 444-6800
6  Facsimile:     (510) 835-6666
   Email:          pcaleo@burnhambrown.com
7                  kromero@burnhambrown.com

8  Attorneys for Defendant
   STARBUCKS CORPORATION
9

10

11

12                  UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14  NEERU PAHARIA,                        No.

15          Plaintiff,                    [Alameda County Superior Court
                                          Case No. RG16820549;]
16  v.
                                          DEFENDANT STARBUCKS
17  STARBUCKS CORPORATION and             CORPORATION'S NOTICE OF
    DOES 1 to 25, inclusive,              REMOVAL OF ACTION UNDER
18                                        28 U.S.C. SECTION 1441(b)
          Defendants.                     (DIVERSITY)
19

20                                        Complaint Filed:  June 22, 2016

21          TO THE CLERK OF THE ABOVE-ENTITLED CLERK:

22          PLEASE TAKE NOTICE that Defendant STARBUCKS CORPORATION

23  ("STARBUCKS"), by and through its attorneys of record, hereby removes the

24  above-captioned action from the Superior Court of the State and California, in and

25  for the County of Alameda, to the United States District Court for the Northern

26  District of California, for the reasons described below:

27          1.      On or about June 22, 2016, Plaintiff NEERU PAHARIA ("Plaintiff")

28  filed an action in the Superior court of California, County of Alameda, entitled

---
                                          1
DEFENDANT STARBUCKS CORPORATION'S NOTICE OF REMOVAL OF        No.
ACTION

1 *Neeru Paharia v. Starbucks Corporation,* Case Number RG16820549. A true and

2 correct copy of the Summons and Complaint from the state court action is attached

3 hereto as <u>Exhibit 1</u>.

4     2.      Plaintiff's Complaint alleges causes of action for General Negligence,

5 Products Liability and Premises Liability against Defendant Starbucks

6 Corporation. Plaintiff alleges in the Complaint that on or about August 18, 2014,

7 while at the Starbucks located at 5034 Mowry Avenue, Fremont, California,

8 Plaintiff was hit on the head by an umbrella and became severely injured.

9     3.      Starbucks is the only named Defendant in Plaintiff's Complaint.

10     4.      Plaintiff's Complaint alleges that Defendant Starbucks is a

11 corporation. (Plaintiff's Complaint at page 2.) Defendant was at the time of the

12 filing of the above-entitled action, and still is, a Washington corporation, having its

13 principal place of business in Seattle, Washington. [Declaration of Katrina A.

14 Romero ("Romero Decl.") at ¶ 2, attaching as Exhibit A a document from the

15 California Secretary of State relating to Starbucks Corporation's corporate status.]

16     5.      Defendant received Plaintiff's Statement of Damages at the same time

17 that it was served with Plaintiff's Complaint, on July 14, 2016. The statement

18 alleges damages in the amount of $2,575,000. (Romero Decl. at ¶ 3, attaching as

19 Exhibit B Plaintiff's Statement of Damages.)

20     6.      Therefore, the matter is removable pursuant to 28 U.S.C. sections

21 1332 and 1446(b).

22         **JURISDICTION**

23     7.      This is a civil action over which this Court has original jurisdiction

24 under 28 U.S.C. section 1332, and is one that may be removed to this Court

25 pursuant to the provisions of 28 U.S.C. section 1441(b), in that it is a civil action

26 between citizens of different states and the matter in controversy exceeds the sum

27 of $75,000, exclusive of interest and costs.

28 ///

1      8.      Defendants are informed and believe that at the time this action was

2   commenced, and at all times subsequent thereto, the parties have been citizens of

3   different states. Defendant Starbucks is a citizen of Washington. Upon Defendant's

4   information and belief, Plaintiff is a citizen of Washington, D.C. (Romero Decl. at

5   ¶ 4.)

6      9.      Both at the time that this action was commenced and at the present

7   time, Starbucks is incorporated in Washington and has its principal place of

8   business in Washington. "For purposes of removal . . . the citizenship of

9   Defendants sued under fictitious names shall be disregarded." 28 U.S.C. §

10   1441(a). In accordance with, and pursuant to *Indus. Tectonics, Inc. v. Aero Alloy*,

11   912 F.2d 1090, 1094 (9th Cir. 1990), if one state does not contain a substantial

12   predominance of corporate operations, courts are to apply the "nerve center" test to

13   determine a corporation's principal place of business. (*Tosco Corp. v.*

14   *Communities for a Better Environment*, 236 F.3d 495, 500 (9th Cir. 2001).) The

15   corporation's principal place of business is then determined by identifying the state

16   "where the majority of the corporation's executives and administrative functions

17   are performed." (*Id.*) This test is particularly appropriate where a corporation's

18   activities are widespread and its operations are conducted in many states. (*Indus.*

19   *Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1094; *see also Lurie Co. v. Loew's*

20   *San Francisco Hotel Corp.*, 315 F. Supp. 405, 412 (N.D. Cal. 1970).) Here,

21   Starbucks employees, sales, production activities, tangible properties, income,

22   purchases, etc. are spread across multiple states and multiple countries and no one

23   state substantially predominates. Starbucks corporate offices are located in Seattle,

24   Washington, where approximately four thousand (4,000) of its corporate

25   employees work. This is the largest single group of employees in one location. The

26   majority of Starbucks executive and administrative functions occur in Washington,

27   and Starbucks Corporation's CEO, CFO, General Counsel, and other senior

28   ///

1   management, as well as Starbucks finance, accounting, purchasing, treasury,

2   marketing, training, human resources, information systems, internal audit, and

3   legal departments.

4       10.   Plaintiff's Complaint alleges damages in an unspecified amount

5   exceeding $25,000. (Plaintiff's Complaint at p. 1.)

6       11.   The first date upon which Defendants learned of the amount of

7   controversy in this matter was on July 14, 2016, when it received Plaintiff's

8   Statement of Damages in the amount of $2,575,000. (Romero Decl. at ¶ 5; Exhibit

9   B.)

10      12.   This Notice of Removal is timely filed under 28 U.S.C. section

11  1446(b)(3) because it is filed within thirty (30) days after Defendant received

12  correspondence from which it first ascertained that the case became removable.

13      13.   Defendant's Notice to Adverse Parties of Notice of Removal is being

14  contemporaneously filed in Case No. RG16820549 of the Superior Court of

15  California, County of Alameda.

16      14.   Pursuant to the provisions of U.S.C. section 1446, Defendant attaches

17  herewith and incorporates herein by reference, copies of the following documents

18  from the Alameda County Superior Court file and/or documents served by and

19  upon the Defendant in this action:

20      a.  Summons and Complaint (Exhibit 1).

21      b.  Defendant's Answer to Plaintiff's Complaint (Exhibit 2.)

22      c.  Notice to Adverse Parties of Notice of Removal (Exhibit 3.)

23                      **DEMAND FOR JURY TRIAL**

24  Defendant Starbucks demands a jury trial of twelve jurors pursuant to

25  F.R.C.P. Rule 48.

26      WHEREFORE, Defendant prays that the above-entitled action, currently

27  pending in the SuperiorCourt of the State of California, in and for the County of

28  Alameda, be removed therefrom to the United States District Court for the

4

DEFENDANT STARBUCKS CORPORATION'S NOTICE OF REMOVAL OF       No.
ACTION

1   Northern District of California, and that this action proceed in this Court as an

2   action properly removed thereto pursuant to 28 U.S.C. section 1441, et seq.

3

4   DATED:  August 12, 2016                    BURNHAM BROWN

5

6

7   PAUL CALEO
    KATRINA ACOSTA ROMERO
8   Attorneys for Defendant
    STARBUCKS CORPORATION

9

10

11

12

13   4847-8817-8486, v.  1

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

DEFENDANT STARBUCKS CORPORATION'S NOTICE OF REMOVAL OF          No.
ACTION

# EXHIBIT 1



CORPORATION SERVICE COMPANY®

# Notice of Service of Process

null / ALL
Transmittal Number: 15389432
Date Processed: 07/15/2016

| | |
|---|---|
| Primary Contact: | Regina Boyd<br>Starbucks Corporation Legal Department<br>2401 Utah Ave. S., Suite 800<br>Seattle, WA 98134 |

| | |
|---|---|
| Entity: | Starbucks Corporation<br>Entity ID Number  0178010 |
| Entity Served: | Starbucks Corporation |
| Title of Action: | Neeru Paharia vs. Starbucks Corporation |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Personal Injury |
| Court/Agency: | Alameda County Superior Court, California |
| Case/Reference No: | RG16820549 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 07/14/2016 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Claude A. Wyle<br>415-474-7800 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>Starbucks Corporation and DOES 1-25, INCLUSIVE<br><br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>Neeru Paharia | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ENDORSED<br>FILED<br>ALAMEDA COUNTY**<br><br>JUN 2 2 2016<br><br>CLERK OF THE SUPERIOR COURT<br>By _____<br>JAMIE THOMAS, Deputy |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Alameda<br>1225 Fallon Street<br>Oakland, CA 94612 | CASE NUMBER: *(Número del Caso):*<br>RG16820549 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Claude A. Wyle                          Choulos, Choulos & Wyle, LLP
275 Battery Street, Suite 1300          (415) 474-7800
San Francisco, CA 94111

| | | | |
|---|---|---|---|
| DATE: JUN 2 2 2016<br>*(Fecha)* | Chad Finke | Clerk, by _____<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Starbucks Corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** |

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

ESSENTIAL FORMS™

CAW-Paharia, Neeru

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Claude A. Wyle 106773<br>Choulos, Choulos & Wyle, LLP<br>275 Battery Street, Suite 1300<br>San Francisco, CA 94111<br>TELEPHONE NO.: (415) 474-7800    FAX NO.(Optional): (415) 474-0734<br>E-MAIL ADDRESS (Optional):  cwyle@ccwlawyers.com<br>ATTORNEY FOR (name):  Plaintiff | **ENDORSED<br>FILED<br>ALAMEDA COUNTY**<br><br>JUN 2 2 2016<br><br>CLERK OF THE SUPERIOR COURT<br>By _____<br>JANIE THOMAS, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA  94612
BRANCH NAME:

PLAINTIFF: Neeru Paharia

DEFENDANT: Starbucks Corporation and

[X] DOES 1 TO 25 *INCLUSIVE*

| COMPLAINT—Personal Injury, Property Damage, Wrongful Death | CASE NUMBER: |
|---|---|
| [ ] AMENDED *(Number)*:<br>Type: *(check all that apply)*<br>[ ] MOTOR VEHICLE  [X] OTHER *(specify)*:    PREMISES LIABILITY<br>[ ] Property Damage  [ ] Wrongful Death<br>[X] Personal Injury  [ ] Other Damages *(specify)*:<br><br>Jurisdiction *(check all that apply)*:<br>[ ] ACTION IS A LIMITED CIVIL CASE<br>  Amount demanded [ ] does not exceed $10,000<br>                  [ ] exceeds $10,000, but does not exceed $25,000<br>[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>[ ] ACTION IS RECLASSIFIED by this amended complaint<br>  [ ] from limited to unlimited<br>  [ ] from unlimited to limited | **RG16820549** |

1. Plaintiff (name or names): Neeru Paharia

   alleges causes of action against defendant (name or names):  Starbucks Corporation

2. This pleading, including attachments and exhibits, consists of the following number of pages:

3. Each plaintiff named above is a competent adult
  a. [ ] except plaintiff (name):
     (1) [ ] a corporation qualified to do business in California
     (2) [ ] an unincorporated entity (describe):
     (3) [ ] a public entity (describe):
     (4) [ ] a minor   [ ] an adult
        (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
        (b) [ ] other (specify):
     (5) [ ] other (specify):

  b. [ ] except plaintiff (name):
     (1) [ ] a corporation qualified to do business in California
     (2) [ ] an unincorporated entity (describe):
     (3) [ ] a public entity (describe):
     (4) [ ] a minor   [ ] an adult
        (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
        (b) [ ] other (specify):
     (5) [ ] other (specify):

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001 [Rev. January 1, 2007]    MartinDean's ESSENTIAL FORMS™

COMPLAINT—Personal Injury, Property<br>Damage, Wrongful Death

Code of Civil Procedure, § 425.12<br>www.courtinfo.ca.gov

CAW-Paharia, Neeru

**BY FAX**

PLD-PI-001

| SHORT TITLE: Paharia v Starbucks | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff *(name):*

is doing business under the fictitious name *(specify):*

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

a. ☒ except defendant *(name):*
STARBUCKS CORPORATION
   (1). ☐ a business organization, form unknown
   (2). ☒ a corporation
   (3). ☐ an unincorporated entity *(describe):*

   (4) ☐ a public entity *(describe):*

   (5) ☐ other *(specify):*

c. ☐ except defendant *(name):*
   (1) ☐ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity *(describe):*

   (4) ☐ a public entity *(describe):*

   (5) ☐ other *(specify):*

b. ☐ except defendant *(name):*
   (1) ☐ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity *(describe):*

   (4) ☐ a public entity *(describe):*

   (5) ☐ other *(specify):*

d. ☐ except defendant *(name):*
   (1) ☐ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity *(describe):*

   (4) ☐ a public entity *(describe):*

   (5) ☐ other *(specify):*

☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
a. ☒ Doe defendants *(specify Doe numbers):* 1-25 _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
b. ☒ Doe defendants *(specify Doe numbers):* 1-25 _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
a. ☒ at least one defendant now resides in its jurisdictional area.
b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, and
a. ☐ has complied with applicable claims statutes, or
b. ☐ is excused from complying because *(specify):*

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Paharia v Starbucks | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   a. ☐ Motor Vehicle
   b. ☒ General Negligence
   c. ☐ Intentional Tort
   d. ☒ Products Liability
   e. ☒ Premises Liability
   f. ☐ Other *(specify)*:

11. Plaintiff has suffered
   a. ☒ wage loss
   b. ☐ loss of use of property
   c. ☒ hospital and medical expenses
   d. ☒ general damage
   e. ☐ property damage
   f. ☐ loss of earning capacity
   g. ☒ other damage *(specify)*:
       Loss of household services.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages
       (2) ☐ punitive damages
       The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
       (1) ☒ according to proof
       (2) ☐ in the amount of: $

15. ☒ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:
       5, 6, 8, GN-1, Prem.L-1, Prem.L-2, Prem.L-3 and Prem.L-5

Date: June 20, 2016

Claude A. Wyle
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]

Martin Dean's
ESSENTIAL FORMS™

COMPLAINT-Personal Injury, Property
Damage, Wrongful Death

Page 3 of 3

CAW-Paharia, Neeru

PLD-PI-001(2)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Paharia v Starbucks | |

_____ONE_____   **CAUSE OF ACTION-** General Negligence     Page 4_____
       (number)
ATTACHMENT TO [X] Complaint     ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* Neeru Paharia

      alleges that defendant *(name):* Starbucks Corporation and

          [X] Does     1_____ to 25_____

was the legal (proximate) cause of damages to plaintiff.  By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff
on *(date):* August 18, 2014
at *(place):*  5034 Mowry Avenue, Fremont, CA

*(description of reasons for liability)* :
On or about the above date, defendant's, and each of their conduct fell below
the standard of care of a reasonable person in that they negligently owned,
operated, managed, supervised, entrusted, repaired, maintained, designed,
constructed, inspected and/or controlled the premises commonly known as 5034
Mowry Avenue, Fremont, California, and the exterior umbrellas and umbrella
stands and other appurtenances thereto so that a dangerous and defective
condition was created thereby on the premises. As a direct and legal result of
that dangerous and defective condition, plaintiff was caused to be hit in the
head by an umbrella and to become severely injured thereby.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]
**CAUSE OF ACTION-** General Negligence
Code of Civil Procedure 425.12
www.courtinfo.ca.gov

Martin Dean's
**ESSENTIAL FORMS**™

CAW-Paharia, Neeru

PLD-PI-001(4)

| SHORT TITLE:<br>Paharia v Starbucks | CASE NUMBER: |
| --- | --- |

___SECOND___  CAUSE OF ACTION - Premises Liability  Page _5___
  (number)

ATTACHMENT TO [x] Complaint  [ ] Cross-Complaint
*(Use a separate cause of action form for each cause of action.)*

Prem.L-1. Plaintiff *(name):* Neeru Paharia
alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
On *(date):* August 18, 2014              plaintiff was injured on the following premises in the following
fashion *(description of premises and circumstances of injury):*
At the premises known as 5034 Mowry Avenue, Fremont, CA, plaintiff, due to a
dangerous and defective condition on the premises, was caused to be hit in
the head by an unsecured exterior umbrella and as a result sustained serious
injuries thereby.

Prem.L-2. [x] Count One-Negligence The defendants who negligently owned, maintained, managed and operated
the described premises were *(names):*
Starbucks Corporation and

[x] Does ___1___ to ___25___

Prem.L-3. [x] Count Two-Willful Failure to Warn [Civil Code section 846] The defendant owners who willfully or
maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were
*(names):* Starbucks Corporation and

[x] Does ___1___ to _25___
Plaintiff, a recreational user, was [ ] an invited guest [x] a paying guest.

Prem.L-4. [ ] Count Three-Dangerous Condition of Public Property The defendants who owned public property on
which a dangerous condition existed were *(names):*

[ ] Does _____ to _____
a. [ ] The defendant public entity had [ ] actual [ ] constructive notice of the existence of the
dangerous condition in sufficient time prior to the injury to have corrected it.
b. [ ] The condition was created by employees of the defendant public entity.

Prem.L-5. a. [x] Allegations about Other Defendants  The defendants who were the agents and employees of the other
defendants and acted within the scope of the agency were *(names):*

[x] Does 1_____ to 25_____
b. [ ] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are:
[ ] described in attachment Prem.L-5.b  [ ] as follows *(names):*

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(4) [Rev. January 1, 2007]
Marla Deal's
ESSENTIAL FORMS™
CAUSE OF ACTION - Premises Liability
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov
CAW-Paharia, Neeru

PLD-PI-001(5)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Paharia v Starbucks | |

THIRD _____         CAUSE OF ACTION- Products Liability         Page 5 _____
___(number)___
ATTACHMENT TO [x] Complaint   ☐ Cross-Complaint
*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name):* Neeru Paharia

Prod. L-1. On or about *(date):* August 18, 2014          plaintiff was injured by the following product:
exterior umbrella, umbrella stand and other appurtenances.

Prod. L-2. Each of the defendants knew the product would be purchased and used without inspection for defects. The
product was defective when it left the control of each defendant. The product at the time of injury was
being
[x] used in the manner intended by the defendants.
[x] used in a manner that was reasonably foreseeable by defendants as involving a substantial danger not
readily apparent. Adequate warnings of the danger were not given.

Prod. L-3. Plaintiff was a
☐ purchaser of the product.                              ☐ user of the product.
[x] bystander to the use of the product.              ☐ other *(specify):*

PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:
Prod. L-4. [x] Count One–Strict liability of the following defendants who:
a. [x] manufactured or assembled the product *(names):*

[x] Does    1        to  25
b. [x] designed and manufactured component parts supplied to the manufacturer. *(names) :*

[x] Does    1        to  25
c. [x] sold the product to the public *(names):*

[x] Does    1        to  25
Prod. L-5. [x] Count Two–Negligence of the following defendants who owed a duty to plaintiff *(names):*

[x] Does    1        to  25
Prod. L-6. [x] Count Three–Breach of warranty by the following defendants  *(names):*

[x] Does    1        to  25
a. [x] who breached an implied warranty
b. ☐ who breached an express warranty which was
☐ written  ☐ oral
Prod. L-7. ☐ The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
☐ listed in Attachment-Prod. L-7 ☐ as follows:

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(5) [Rev. January 1, 2007]
CAUSE OF ACTION – Products Liability
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

Martin Dean's
ESSENTIAL FORMS™

CAW-Paharia, Neeru

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Claude A. Wyle 106773<br>Choulos, Choulos & Wyle, LLP<br>275 Battery Street, Suite 1300<br>San Francisco, CA 94111<br>TELEPHONE NO: (415) 474-7800   FAX NO: (415) 474-0734<br>ATTORNEY FOR (Name): Plaintiff | ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>JUN 2 2 2016<br><br>CLERK OF THE SUPERIOR COURT<br>By CORINNA CARDEN<br>                                       Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda<br>STREET ADDRESS: 1225 Fallon Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Oakland, CA 94612<br>BRANCH NAME: | |
| CASE NAME: Paharia v Starbucks | |

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: RG16820549 |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37) | **(Cal. Rules of Court, rules 3.400-3.403)**<br>[ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[x] Other PI/PD/WD (23) | **Real Property**<br>[ ] Eminent domain/Inverse<br>condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26) | |
| **Non-PI/PD/WD (Other) Tort**<br>[ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35) | **Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11) | **Enforcement of Judgment**<br>[ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint (not specified above) (42) |
| **Employment**<br>[ ] Wrongful termination (36)<br>[ ] Other employment (15) | [ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | **Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition (not specified above) (43) |

2. This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
          issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence          f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): 2 - General Negligence and Premise Liability
5. This case [ ] is   [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 20, 2016

Claude A. Wyle                                                              ▶ _____
_____                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)
(TYPE OR PRINT NAME)

---

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | *Matita Dean's*<br>ESSENTIAL FORMS™ | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CAW-Paharia, Neer

BY FAX

# EXHIBIT 2

1 | Paul Caleo, State Bar No. 153925
2 | Katrina Acosta Romero, State Bar No. 289461
  | BURNHAM BROWN
  | A Professional Law Corporation
3 | P.O. Box 119
  | Oakland, California 94604
4 | ---
  | 1901 Harrison Street, 14th Floor
5 | Oakland, California 94612
  | Telephone:    (510) 444-6800
6 | Facsimile:    (510) 835-6666
  | Email: pcaleo@burnhambrown.com
7 |        kromero@burnhambrown.com

8 | Attorneys for Defendant
  | STARBUCKS CORPORATION

9

ENDORSED
FILED
ALAMEDA COUNTY

AUG 1 0 2016

CLERK OF THE SUPERIOR COURT
By  Sue Yesko
                            Deputy

10 |            SUPERIOR COURT OF CALIFORNIA, COUNTY OF

11 |                   UNLIMITED JURISDICTION

12 | NEERU PAHARIA,                      No. RG16820549

13 |            Plaintiff,               *Assigned for All Purposes to:*
                                         *Hon. Julia Spain - Dept. 19*
14 | v.
                                         **DEFENDANT STARBUCKS**
15 | STARBUCKS CORPORATION and DOES      **CORPORATION'S ANSWER TO**
    | 1 to 25, inclusive,               **PLAINTIFF'S COMPLAINT**
16
    |            Defendants.             **Complaint Filed:  June 22, 2016**
17

18 |        Defendant STARBUCKS CORPORATION ("Defendant"), answering the complaint of

19 | Plaintiff NEERU PAHARIA ("Plaintiff"), denies generally and specifically, each and every, all

20 | and singular, the allegations of said complaint, and each cause of action thereof, and further

21 | denies that Plaintiff has been damaged in any sum or sums or at all.

22 |        WHEREFORE, this answering Defendant prays for judgment as hereinafter set forth.

23 |                          **AFFIRMATIVE DEFENSES**

24 |        As a first affirmative defense to each cause of action of the complaint, Plaintiff was

25 | partially, if not wholly, negligent or otherwise at fault on her own part and should be barred from

26 | recovery of that portion of the damages directly attributable to her proportionate share of the

27 | negligence or fault, pursuant to the doctrine of comparative negligence.

28 | ///

                                          1
DEFENDANT STARBUCKS CORPORATION'S ANSWER TO PLAINTIFF'S       No. RG16820549
COMPLAINT

As a second affirmative defense to each cause of action of the complaint, the damages sustained by Plaintiff, if any, were caused, in whole or in part, by the negligence or fault of others for which this Defendant is not liable or responsible.

As a third affirmative defense to each cause of action of the complaint, the complaint does not state facts sufficient to constitute a cause of action against this Defendant.

As a fourth affirmative defense to each cause of action of the complaint, Plaintiff failed to mitigate her damages.

As a fifth affirmative defense to each cause of action of the complaint, Plaintiff's recoverable economic damages for past medical treatment and/or services, if any, is limited to the amount that was paid for the treatment and/or services, rather than what was billed by the medical providers.

As a sixth affirmative defense to each cause of action of the complaint, Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

As a seventh affirmative defense to each cause of action of the complaint, Plaintiff has waived and/or is estopped from alleging the matters set forth in said complaint.

As an eighth affirmative defense to each cause of action of the complaint, if Plaintiff sustained injuries attributable to the use of any product manufactured by this Defendant, which allegations are expressly denied, the injuries were caused in whole or in part by the unreasonable, unforeseeable and inappropriate purpose and/or improper use which was made of the product.

As a ninth affirmative defense to each cause of action of the complaint, the damages complained of in the complaint were caused in whole or in part by the misuse and abuse of the product.

As a tenth affirmative defense to each cause of action of the complaint, the injuries and damages sustained by Plaintiff, if any, were solely and legally caused by the modification, alteration or change of the product referred to in the complaint and said modification, alteration

DEFENDANT STARBUCKS CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT     No. RG16820549

1    or change was performed by persons or entities other than this answering Defendant and without

2    Defendant STARBUCKS CORPORATION'S knowledge or consent.

3        WHEREFORE, this answering Defendant prays for judgment as follows:

4        1.      That Plaintiff take nothing by reason of her complaint on file herein;

5        2.      For reasonable attorney fees;

6        3.      For costs of suit incurred herein; and

7        4.      For such other and further relief as the Court deems just and proper.

8    DATED:  August 9, 2016                    BURNHAM/BROWN

9

10

11                                             PAUL CALEO
                                               Attorneys for Defendant
12                                             STARBUCKS CORPORATION

13

14

15

16   4848-7959-5830, v.  1

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT STARBUCKS CORPORATION'S ANSWER TO PLAINTIFF'S            No. RG16820549
COMPLAINT

| Re: | Neeru Paharia v. Starbucks Corporation, et al. |
|---|---|
| Court: | Alameda County Superior Court |
| Action No: | RG16820549 |

## PROOF OF SERVICE

I declare that I am over the age of 18, not a party to the above-entitled action, and am an employee of Burnham Brown whose business address is 1901 Harrison Street, 14th Floor, Oakland, Alameda County, California 94612 (mailing address: Post Office Box 119, Oakland, California 94604).

On August 10, 2016, I served the following document(s) in the following manner(s):

- DEFENDANT STARBUCKS CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

☒     MAIL: By placing the document(s) listed above in a sealed envelope with postage thereon on the date and place shown below following ordinary business practice. I am familiar with this business' practice for collecting and processing documents for mailing. On the same day that documents are placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

Claude A. Wyle                 Counsel for Plaintiff
CHOULOS, CHOULOS & WYLE, LLP    NEERU PAHARIA
275 Battery STREET Suite 1300
San Francisco, CA 94111
Telephone:  (415) 474-7800
Facsimile:  (415) 474-0734
E-mail:  cwyle@ccwlawyers.com

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

DATE:    August 10, 2016

KELLIE CABICO

4830-5098-3478, v. 1

PROOF OF SERVICE                               CASE NO. RG16820549

EXHIBIT 3

1   Paul Caleo, State Bar No. 153925
    Katrina Acosta Romero, State Bar No. 289461
2   BURNHAM BROWN
    A Professional Law Corporation
3   P.O. Box 119
    Oakland, California 94604
4
    1901 Harrison Street, 14th Floor
5   Oakland, California  94612
    Telephone:    (510) 444-6800
6   Facsimile:    (510) 835-6666
    Email: pcaleo@burnhambrown.com
7          kromero@burnhambrown.com

8   Attorneys for Defendant
    STARBUCKS CORPORATION
9

10              SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

11                          UNLIMITED JURISDICTION

12  NEERU PAHARIA,                          No. RG16820549

13            Plaintiff,                    *Assigned For All Purposes To:*
    v.                                      *Judge Julia Spain, Dept. 19*
14
    STARBUCKS CORPORATION and DOES          **DEFENDANT STARBUCKS**
15  1 TO 25 INCLUSIVE,                      **CORPORATION'S NOTICE TO**
                                            **ADVERSE PARTY OF NOTICE OF**
16            Defendants.                   **REMOVAL**

17                                          **Complaint Filed:  June 22, 2016**

18          TO ALL PARTIES HEREIN AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

19          PLEASE TAKE NOTICE that a Notice of Removal of the above-entitled action from the

20  Alameda County Superior Court to the United States District Court for the Northern District of

21  California (Oakland Division) was duly filed and served on August 12, 2016 in the United States

22  District Court for the Northern District of California (Oakland Division).  A true and correct

23  copy of said Notice of Removal is attached hereto as Exhibit 1.

24  DATED:  August 12, 2016               BURNHAM BROWN

25

26                                        KATRINA ACOSTA ROMERO
                                          Attorneys for Defendant
27                                        STARBUCKS CORPORATION

28  4830-1123-5382, v. 1

                                          1
    DEFENDANT STARBUCKS CORPORATION'S NOTICE TO ADVERSE PARTY      No. RG 16820549
    OF NOTICE OF REMOVAL

| Re: | Neeru Paharia v. Starbucks Corporation, et al. |
| Court: | Alameda County Superior Court |
| Action No: | RG16820549 |

## PROOF OF SERVICE

I declare that I am over the age of 18, not a party to the above-entitled action, and am an employee of Burnham Brown whose business address is 1901 Harrison Street, 14th Floor, Oakland, Alameda County, California 94612 (mailing address: Post Office Box 119, Oakland, California 94604).

On August 12, 2016, I served the following document(s) in the following manner(s):

- DEFENDANT STARBUCKS CORPORATION'S NOTICE TO ADVERSE PARTY OF NOTICE OF REMOVAL

☒     **MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon on the date and place shown below following ordinary business practice. I am familiar with this business' practice for collecting and processing documents for mailing. On the same day that documents are placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

Claude A. Wyle                                Counsel for Plaintiff
CHOULOS, CHOULOS & WYLE, LLP                  NEERU PAHARIA
275 Battery STREET Suite 1300
San Francisco, CA 94111
Telephone:  (415) 474-7800
Facsimile:  (415) 474-0734
E-mail:  cwyle@ccwlawyers.com

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

DATE:     August 12, 2016

KELLIE CABICO

4830-5098-3478, v. 1

1   Paul Caleo, CASB# 153925
    Katrina Acosta Romero, CASB# 289461
2   BURNHAM BROWN
    A Professional Law Corporation
3   P.O. Box 119
    Oakland, California 94604

4
    1901 Harrison Street, 14th Floor
5   Oakland, California 94612
    Telephone:    (510) 444-6800
6   Facsimile:    (510) 835-6666
    Email:        pcaleo@burnhambrown.com
7                 kromero@burnhambrown.com

8   Attorneys for Defendant
    STARBUCKS CORPORATION

9

10

11

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14  NEERU PAHARIA,                        No.

15             Plaintiff,                 DECLARATION OF KATRINA
                                          ACOSTA ROMERO IN SUPPORT
16  v.                                    OF DEFENDANT STARBUCKS
                                          CORPORATION'S NOTICE OF
17  STARBUCKS CORPORATION and             REMOVAL OF ACTION UNDER
    DOES 1 to 25, inclusive,              28 U.S.C. SECTION 1441(b)
18                                        (DIVERSITY)
               Defendants.
19                                        [Alameda County Superior Court
                                          Case No. RG16820549; Complaint
20                                        Filed:  June 22, 2016]

21

22      I, Katrina Acosta Romero, declare:

23      1.    I am an attorney licensed to practice before all courts in the State of

24  California.  I am an associate of the law firm of Burnham Brown, counsel for

25  Defendant Starbucks Corporation in this action.  The following is based on my

26  personal knowledge and if called as a witness, I could and would testify

27  competently thereto.

28
                                          1

1    2.    Defendant was at the time of the filing of the above-entitled action,

2  and still is, a Washington corporation, having its principal place of business in

3  Seattle, Washington. Attached hereto as Exhibit A is a true and correct copy of a

4  document from the California Secretary of State relating to Starbucks

5  Corporation's corporate status.

6    3.    Defendant received Plaintiff's Statement of Damages at the same time

7  that it was served with Plaintiff's Complaint, on July 14, 2016. The statement

8  alleges damages in the amount of $2,575,000. Attached hereto as Exhibit B is a

9  true and correct copy of Plaintiff's Statement of Damages.

10    4.    Upon information and belief, Plaintiff is a citizen of Washington,

11  D.C.

12    5.    The first date upon which Defendants learned of the amount of

13  controversy in this matter was on July 14, 2016, when it received Plaintiff's

14  Statement of Damages in the amount of $2,575,000. See Statement of Damages,

15  attached hereto as Exhibit B.

16    I declare under penalty of perjury under the laws of the State of California

17  that the foregoing is true and correct and that this declaration was executed on

18  August 12, 2016, at Oakland, California.

19

20    _____

21    KATRINA ACOSTA ROMERO

22

23

24

25

26  4820-2315-1926, v. 1

27

28

---

2

DECLARATION OF KATRINA ACOSTA ROMERO IN SUPPORT OF          No.
DEFENDANT STARBUCKS CORPORATION'S NOTICE OF REMOVAL OF
ACTION UNDER 28 U.S.C. SECTION 1441(b) (DIVERSITY)

# EXHIBIT A

Business Search - Business Entities - Business Programs                      Page 1 of 1

## Business Entity Detail

Data is updated to the California Business Search on Wednesday and Saturday mornings. Results reflect work processed through Tuesday, August 09, 2016. Please refer to Processing Times for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity.

| | |
|---|---|
| Entity Name: | STARBUCKS CORPORATION |
| Entity Number: | C1672418 |
| Date Filed: | 09/12/1990 |
| Status: | ACTIVE |
| Jurisdiction: | WASHINGTON |
| Entity Address: | 2401 UTAH AVENUE S., SUITE 800 |
| Entity City, State, Zip: | SEATTLE WA 98134 |
| Agent for Service of Process: | CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE |
| Agent Address: | 2710 GATEWAY OAKS DR STE 150N |
| Agent City, State, Zip: | SACRAMENTO CA 95833 |

* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code section 2114 for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to Name Availability.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to Information Requests.
- For help with searching an entity name, refer to Search Tips.
- For descriptions of the various fields and status types, refer to Field Descriptions and Status Definitions.

# EXHIBIT B

CIV-050

- DO NOT FILE WITH THE COURT -
- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | | FOR COURT USE ONLY |
|---|---|---|
| Claude A. Wyle<br>106773<br>Choulos, Choulos & Wyle, LLP<br>275 Battery Street, Suite 1300<br>San Francisco, CA 94111 | TELEPHONE NO.:<br>(415) 474-7800<br>(415) 474-0734 | |

ATTORNEY FOR (Name): Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda

STREET ADDRESS: 1225 Fallon Street

MAILING ADDRESS:

CITY AND ZIP CODE: Oakland, CA  94612

BRANCH NAME:

PLAINTIFF: Neeru Paharia

DEFENDANT: Starbucks Corporation

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER: |
|---|---|

To (name of one defendant only): Starbucks Corporation

Plaintiff (name of one plaintiff only): Neeru Paharia

seeks damages in the above-entitled action, as follows:

|   |   | AMOUNT |
|---|---|---|
| **1.** | **General damages** | |
| a. [X] | Pain, suffering, and inconvenience | $ 1,000,000.00 |
| b. [X] | Emotional distress | $ 1,000,000.00 |
| c. [ ] | Loss of consortium | $ |
| d. [ ] | Loss of society and companionship (wrongful death actions only) | $ |
| e. [ ] | Other (specify) | $ |
| f. [ ] | Other (specify) | $ |
| g. [ ] | Continued on Attachment 1.g. | |
| **2.** | **Special damages** | |
| a. [X] | Medical expenses (to date) | $ 100,000.00 |
| b. [X] | Future medical expenses (present value) | $ 250,000.00 |
| c. [X] | Loss of earnings (to date) | $ 200,000.00 |
| d. [ ] | Loss of future earning capacity (present value) | $ |
| e. [ ] | Property damage | $ |
| f. [ ] | Funeral expenses (wrongful death actions only) | $ |
| g. [ ] | Future contributions (present value) (wrongful death actions only) | $ |
| h. [ ] | Value of personal service, advice, or training (wrongful death actions only) | $ |
| i. [X] | Other (specify) Value of household services | $ 25,000.00 |
| j. [ ] | Other (specify) | $ |
| k. [ ] | Continued on Attachment 2.k. | |

**3.** [ ] Punitive damages: Plaintiff reserves the right to seek punitive damages in the amount of (specify) $ _____ when pursuing a judgment in the suit filed against you.

Date: June 20, 2016

Claude A. Wyle

(TYPE OR PRINT NAME)

► _(signature)_

(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

STATEMENT OF DAMAGES
(Personal Injury or Wrongful Death)

CAW-Paharia, Neeru.

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]
Martin Dean's
ESSENTIAL FORMS™

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

Page 1 of 2